IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3295 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DAVE HEINEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the civil rights complaint filed pursuant to 42 U.S.C. § 1983 by the plaintiff, Billy Tyler, a prisoner. Also before the court is filing no. 2, the plaintiff's motion for leave to proceed in forma pauperis. The plaintiff seeks damages and immediate release from confinement because his sentence has expired.

The plaintiff may not proceed in forma pauperis. When three civil cases filed by a prisoner have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") provides that the prisoner may not bring a new civil action or appeal without paying the full filing fee at the time of filing, i.e., no installments. The only exception to this rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As more than three of the plaintiff's cases have been dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and as the exception for imminent danger does not apply to this case, the plaintiff is not eligible to proceed in forma pauperis by virtue of 28 U.S.C. § 1915(g).

In addition, this case must be dismissed and is barred until such time as the plaintiff has obtained a favorable outcome in a habeas corpus or similar proceeding. See Heck v. Humphrey, 512 U.S. 477 (1994). See also Muhammad v. Close, 124 S. Ct. 1303 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction **or duration of sentence**, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

Id. at 1304 (emphasis added).

IT IS THEREFORE ORDERED:

1. That filing no. 2 is denied;

2. That this case is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1) (district courts shall screen and dismiss prisoner cases that fail to state a claim on which relief may be granted); and

3. That a separate judgment will be filed accordingly.

DATED this 5th day of December, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

2