IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3295 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DAVE HEINEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 8, the Notice of Appeal filed by the plaintiff, Billy Tyler, a prisoner.  The plaintiff appeals filing no. 5, the Memorandum and Order in which I dismissed the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), and filing no. 6, the accompanying Judgment.  Also before the court is filing no. 9, a Memorandum from the Clerk of Court inquiring whether the plaintiff will be proceeding in forma pauperis ("IFP") on appeal.

The plaintiff will not be proceeding IFP on appeal. The Eighth Circuit Court of Appeals has stated that "[d]istrict courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith.  If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'" Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997).

Having considered the record in this action, the court concludes that this appeal is not taken in good faith.  As stated in filing no. 5, the plaintiff's claim is barred by the

principles expressed in Heck v. Humphrey, 512 U.S. 477 (1994). In addition, as discussed in filing no. 5, the plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), which means that he may not bring a new civil action or appeal without paying the full filing fee at the time of filing, i.e., no installments. Because the exception for imminent danger does not apply to this case, the plaintiff is not eligible to proceed IFP by virtue of 28 U.S.C. § 1915(g).

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1.     That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and to the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the Clerk shall process the appeal to the Eighth Circuit;

2

2.      That the plaintiff shall pay the appellate filing fees of $255 by January 16, 2006, or he may file a motion in the Court of Appeals for leave to proceed in forma pauperis on appeal.

DATED this 14th day of December, 2005.

BY THE COURT:


s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge